## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KELLY J. MAHLER,

             Plaintiff,

        v.

AAPC, INC. d/b/a AAPC
PUBLISHING,

            Defendant.

CIVIL ACTION NO.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DECLARATORY JUDGMENT AND MONETARY AND INJUNCTIVE RELIEF

For her complaint, KELLY  J. MAHLER, by and through her undersigned counsel Montgomery McCracken Walker & Rhoads, LLP, avers as follows:

### PARTIES

1.    Plaintiff Kelly J. Mahler, OTD, OTR/L ("Plaintiff" or "Dr. Mahler") is an individual who at all relevant times herein has been a resident of the Commonwealth of Pennsylvania.  Dr. Mahler is an occupational therapist who serves school-aged children and adults with a focus in Autism Spectrum Disorder ("ASD").

2.    On information and belief, Defendant AAPC, Inc. d/b/a AAPC Publishing is a Kansas for-profit corporation with a principal place of business at

15519 Pin Oak, Basehor, KS 66007. On information and belief, Defendant is engaged in the business of publishing materials relating to ASD and selling them to customers within the jurisdiction of this Court.

## JURISDICTION AND VENUE

3.      Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgment Act), and is proper in this Court because this litigation arises under federal law, namely 17 U.S.C. §§ 101 et seq. (Copyright Act) and 15 U.S.C. § 1125 (Lanham Act).

4.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201 and 2202 because there is a substantial and concrete controversy between the parties of sufficient immediacy that warrants declaratory judgment. Specifically, in a "notice" dated March 23, 2021, Defendant threatened to file a litigation against Dr. Mahler, and asserted that Dr. Mahler's self-publication and sale of several of her own works of authorship constitutes copyright infringement. This threatens injury to Plaintiff.

5.      This Court has supplemental jurisdiction over Dr. Mahler's non-federal claims because they are so related to the claims arising under federal law that they form part of the same case and controversy, pursuant to 28 U.S.C. § 1367.

6.      This court has personal jurisdiction over Defendant because on information and belief, Defendant targets and conducts business in this District, including the advertising, sale, and delivery of books and other materials—including

books and materials authored by Dr. Mahler and implicated in this action—to customers within this District using its own Internet shopping portal and via third-party e-commerce portals.

7.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this District.

## FACTUAL BACKGROUND

8.     Plaintiff is a recognized authority in the field of ASD and is particularly well-known for her literary and other contributions on the topic of interoception.

9.     In or about 2009, Defendant published Dr. Mahler's book *Hygiene and Related Behaviors for Children and Adolescents with Autism Spectrum and Related Disorders*.

10.     In or about 2011, Defendant published *Destination Friendship: Developing Social Skills for Individuals with Autism Spectrum Disorders or Other Social Challenges*, of which Dr. Mahler is a co-author.

11.     In or about 2014, Defendant published *Sensory Issues and High Functioning Autism*, of which Dr. Mahler is a co-author.

**Publication of *Interoception: The Eighth Sensory System* and *The Comprehensive Assessment of Interoceptive Awareness***

12. Effective on or about September 25, 2015, Dr. Mahler and Defendant entered into a Write and Publish Agreement governing the publication of a new book by Dr. Mahler tentatively titled *Interoception* (the "September 2015 Agreement"). *See* September 2015 Agreement, a copy of which is attached hereto as **Exhibit A**. This work was published in or about 2015 under the title *Interoception: The Eighth Sensory System* with Dr. Mahler as its sole author.

13. On or about March 10, 2016, Dr. Mahler entered into another Write and Publish Agreement with Defendant intended to govern the publication of a companion to *Interoception: The Eighth Sensory System* (the "March 2016 Agreement," and collectively with the September 2015 Agreement, the "Write and Publish Agreements"). *See* March 2016 Agreement, a copy of which is attached hereto as **Exhibit B**. The terms of the March 2016 Agreement were the same as those outlined in the September 2015 contract. The subject work of the March 2016 Agreement was eventually published as *The Comprehensive Assessment for Interoceptive Awareness* with Dr. Mahler as its sole author (collectively, *Interoception: The Eighth Sensory System* and *The Comprehensive Assessment for Interoceptive Awareness* are the "*Interoception* works").

-4-

14.    Under the terms of the Write and Publish Agreements, Dr. Mahler granted limited publication rights to Defendant.  Exs. A and B, ¶¶ 2(a)-(c).

15.    At no time did Dr. Mahler execute an assignment to Defendant of all her rights, title, and interest in and to her works of authorship.  *See* Exs. A and B, ¶¶ 1, 3.

16.    Defendant was obligated under each of the Write and Publish Agreements to, *inter alia*, pay royalties to Dr. Mahler based on an accounting of sales on at least a quarterly basis.  Exs. A and B, ¶¶ 12-13.

17.    Defendant also was obligated under each of the Write and Publish Agreements to "advertise the Work by diligently employing usual and legitimate advertising methods" and "shall at all times keep the market fully supplied with inventory." Exs. A and B,  ¶ 16.

18.    Under each of the Write and Publish Agreements, Dr. Mahler had the right to terminate the contracts if, among other reasons, Defendant failed to comply with any of the terms and conditions of the contracts.  Exs. A and B, ¶¶ 21(a)-(d).

19.    Upon termination, the Write and Publish Agreements require that "all rights granted by [Dr. Mahler] to [Defendant] shall revert to [Dr. Mahler]."  Exs. A and B, ¶¶21(d).

**Leadership Changes at AAPC**

20.     On information and belief, in or about 2018, Defendant underwent a leadership change; Brenda Smith Myles relinquished her role as president and left AAPC, and Serdar Marun became president.

21.     Thereafter, significant issues arose with respect to Defendant's customer service and communication with its authors.  These issues rose to the level of breaches of the Write and Publish Agreements by Defendant, including, *inter alia*, failure to adequately keep the market supplied with Dr. Mahler's works, failure to properly market and advertise Dr. Mahler's works, and failure to properly account for and to pay royalties to Dr. Mahler.

**Dr. Mahler Terminates the Agreements**

22.     On November 30, 2018, Dr. Mahler, through counsel, wrote to Defendant's counsel detailing Defendant's various breaches and communicating her loss of confidence in Defendant's ability to publish and market her *Interoception* works properly (the "November 2018 Mahler Letter").  *See*  November 2018 Mahler Letter, a copy of which is attached hereto as **Exhibit C**.

23.     Defendant responded to Dr. Mahler's November 2018 letter by denying the issues raised by Dr. Mahler and without making any effort to cure them.

24.    Dr. Mahler, through counsel, terminated the Write and Publish Agreements via a formal Notice of Default and Termination dated January 19, 2019 (the "Termination Notice").  *See* Termination Notice, a copy of which is attached hereto as **Exhibit D**.

25.    In the Termination Notice, Dr. Mahler detailed the bases for termination, demanded that the Write and Publish Agreements be deemed terminated as of February 28, 2019, and demanded the reversion of all rights as affirmatively required in the Agreements.  Ex. D.

**Post-Termination Issues**

26.    February 28, 2019, the date of termination of the Write and Publish Agreements with Defendant, passed with no response from Defendant and no action by Defendant to honor its post-termination obligations under the Write and Publish Agreements.  *See* Exs. A and B at ¶ 21(d).

27.    Following termination of the Write and Publish Agreements, Defendant filed for and received copyright registrations for various works authored by Dr. Mahler, including for her *Interoception* works.

28.    In or about December 2019, Dr. Mahler, through counsel, wrote to Defendant, reiterating the breach of contract issues with Defendant.

29.    Defendant, through its counsel, responded with a letter threatening that if Dr. Mahler did not "cooperate in the continued performance of [her] contracts," it

would pursue breach of contract and tortious interference claims against her. *See* letter dated December 16, 2019, a copy of which is attached hereto as **Exhibit E.**

30.     Defendant also threatened to "pursue" Dr. Mahler if she attempted to publish "derivative works, publish AAPC material with other publishers, or self-publish AAPC material." Ex. E.

31.     Defendants also made bizarre threats regarding Dr. Mahler's friendship with Brenda Smith Myles, stating that "it would be a folly for [Dr. Mahler and another AAPC author, Kari Buron] to expose themselves to legal liability out of a misplaced sense of friendship." Ex. E.

## Continued Violations of Plaintiff's Rights

32.     Despite Dr. Mahler's termination of the Write and Publish Agreements and the resulting reversion to Dr. Mahler of any and all rights Defendant may have previously held in Dr. Mahler's *Interoception* works, Defendant continues to advertise and sell Dr. Mahler's *Interoception* works in interstate commerce. This includes sales within this judicial District. *See* Receipt of Sale, a copy of which is attached hereto as **Exhibit F**.

33.     Defendant's ongoing unauthorized sales of Dr. Mahler's *Interoception* works not only violate Dr. Mahler's rights in such works, they also tarnish Dr. Mahler's reputation by associating Dr. Mahler with Defendant's lack of professionalism, inability to properly fulfill orders, and other shortcomings.

34.    For example, Dr. Mahler has received and continues to receive complaints from customers who have purchased copies of Plaintiff's *Interoception* works from Defendant.    These complaints explain that Dr. Mahler's *The Comprehensive Assessment for Interoceptive Awareness* is sold by Defendant without a key element of the assessment—photo cards utilized in the performance of the assessment.  *See* customer complaints, a compilation of which is collectively attached hereto as **Exhibit G** (the "Compilation of Customer Complaints").

35.    Because Dr. Mahler is the author, customers associate her with Defendant's failures.  *See* Ex. G.  This is both embarrassing to Dr. Mahler and damaging to her  professional reputation.

36.    According to its website, Defendant apparently now sells *The Comprehensive Assessment of Interoceptive Awareness* with PDF versions of the photo cards, which destroys the integrity of the assessment.  Thus, Defendant continues to deceive consumers and harm Dr. Mahler's reputation.

**Additional Imminent Threats by Defendant**

37.    Rather than acknowledge the termination of the Write and Publish Agreements and its consequences, Defendant has doubled down in its efforts to harm Dr. Mahler.

38.    On March 23, 2021, Defendant's counsel sent a cease and desist email to Dr. Mahler, claiming in no uncertain terms that Dr. Mahler's self-publication of

various works relating to interoception infringes on Defendant's purported rights. *See* email dated March 23, 2021, a copy of which is attached hereto as **Exhibit H** (the "Cease & Desist Email").

39.     None of the interoception-related Mahler works listed in the Cease & Desist Email were or are the subject of any agreement with Defendant, and the remainder of the works listed are not the subject of any perfected agreement with Defendant.

40.     The Cease & Desist Email further demands that Dr. Mahler cease "copying and sales" of Dr. Mahler's works of authorship, provide "an accounting of all sales," and "promptly link all titles . . . to the appropriate AAPC web pages for sales." Ex. H.

41.     The Cease & Desist Email threatens that should Dr. Mahler not comply with its demands, "AAPC will seek both monetary damages and equitable relief for your infringement.  I look forward to your response within ten (10) days." Ex. H.

42.     Dr. Mahler believes and maintains that Defendant has no instant rights in and to any of her works of authorship, let alone any rights in and to the works listed in Defendant's Cease & Desist Email.

## COUNT I

### *Declaration of No Copyright Infringement Under the Copyright Act*

43.    Plaintiff repeats and realleges the allegations contained in each and every paragraph of the Complaint above as if fully set forth herein.

44.    Defendant claims that Dr. Mahler's self-publication and offers to sell several of her own works of authorship constitutes unlawful copying and infringement and has threatened legal action against Dr. Mahler on this basis.

45.    Plaintiff alleges that Defendant's purported copyright rights are invalid, nonexistent, and/or unenforceable.

46.    Plaintiff alleges that Defendant's purported copyright rights, if valid, are exceedingly narrow in scope such that Plaintiff's sales of her self-published works do not constitute an infringement of Defendant's purported copyright rights.

47.    An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning Dr. Mahler's ownership of her works of authorship and her right to exclusively self-publish and sell her works of authorship.

48.    This substantial controversy, between parties having adverse legal interest, is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

49.    Dr. Mahler respectfully seeks a declaratory judgment determination from this Court that her self-publication and sale of her works of authorship does not constitute copyright infringement.

## COUNT II
*Declaration that Write and Publish Agreements Were Terminated by Plaintiff and All Rights Reverted Back to Plaintiff*

50.    Plaintiff repeats and realleges the allegations contained in each and every paragraph of the Complaint above as if fully set forth herein.

51.    Despite Plaintiff's issuance of multiple letters stating her desire to terminate the September 2015 and March 2016 Write and Publish Agreements, Defendant continues to offer Dr. Mahler's *Interoception* works for sale without Dr. Mahler's authorization, claims it owns rights in several other of Dr. Mahler's works of authorship, and has otherwise failed to comply with the Termination and Restoration of Rights to Author provisions of the Agreements (¶¶ 21(a)-(d)).

52.    An actual, present, and justiciable controversy exists between Plaintiff and Defendant concerning the status and consequences of the Write and Publish Agreements.

53.    Plaintiff respectfully seeks a declaratory judgment determination from this Court that the Write and Publish Agreements were terminated effective February 28, 2019, and that any and all rights of Defendant under the Agreements stand extinguished.

## COUNT III
### *Declaratory Judgment that Defendant Violates 15 U.S.C. § 1125*

54.     Plaintiff repeats and realleges the allegations contained in each and every paragraph of the Complaint above as if fully set forth herein.

55.     Defendant continues to offer to sell and sell Dr. Mahler's *Interoception* works without authorization post-termination of the Write and Publish Agreements.

56.     Defendant represents and has represented to customers that their copies of *The Comprehensive Assessment of Interoceptive Awareness* will arrive in a complete form—that is, the customer will receive the assessment and the photo cards necessary to perform the assessment.

57.     Defendant, however, has failed and fails to include the photo cards with copies of *The Comprehensive Assessment of Interoceptive Awareness* it sells. Moreover, Defendant has sold *The Comprehensive Assessment of Interoceptive Awareness* with ineffective PDF versions of the photo cards, which destroys the integrity of the work.

58.     Defendant's actions have resulted in customer confusion and complaints and financial and reputational harm to Dr. Mahler.

59.     Dr. Mahler respectfully seeks a  declaratory judgment determination from this Court that Defendant's actions are violative of the Lanham Act's prohibitions on false designations of origin, false descriptions, and dilution.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter the following judgment and relief against Defendant:

A.    Find and declare that Plaintiff's self-publication and sale of her own works does not constitute infringement of Defendant's purported copyright;

B.    Find and declare that Defendant is not entitled to any injunctive, equitable, or monetary relief with respect to Plaintiff's self-publication and sale of her own works;

C.    Find and declare that Defendant has not suffered any, and will not suffer any, harm or damages, and thus is not entitled to any relief under the Copyright Act;

D.    Find and declare that that the September 2015 and March 2016 Write and Publish Agreements were terminated by, at the latest, February 28, 2019 and that any and all rights of Defendant under the Write and Publish Agreements stand extinguished;

G.    Find and declare that Defendant has violated the Lanham Act's prohibitions on false designations of origin, false descriptions, and dilution;

H.    Award Plaintiff appropriate monetary damages and injunctive relief;

I.    Award Plaintiff her reasonable attorney's fees, expenses, and costs incurred in connection with this action, and

-14-

J.      Award Plaintiff any such further relief as the Court deems just and proper.

Respectfully submitted,

**MONTGOMERY MCCRACKEN WALKER &RHOADS LLP**

Dated: April 1, 2021

*/s/ Dylan F. Henry*
Dylan F. Henry (315943)
dhenry@mmwr.com
Alfred W. Zaher (*pro hac vice* forthcoming)
Brianna M. Vinci (*pro hac vice* forthcoming)
1735 Market St., 19th Floor
Philadelphia, Pa 19103
T: 215-772-1500 / F: 215-731-3759
*Counsel for Plaintiff,*
*Dr. Kelly J. Mahler*

-15-