# EXHIBIT A

## WRITE AND PUBLISH AGREEMENT

This agreement is made on this _25th_ day of _Sept_ 2015 between Kelly J. Mahler (hereinafter referred to as "Author") and Autism Asperger Publishing Company, P.O. Box 23173, Shawnee Mission, KS 66283-0173 (hereinafter referred to as "Publisher").

Whereas Publisher and Author desire to publish and have published a certain work that Author will write and prepare.

Therefore, in consideration of the mutual benefits and obligations set forth in this agreement, Publisher and Author agree as follows:

### AUTHOR'S OBLIGATIONS

1.      The Work. Author agrees to write and prepare, or assist in the writing and preparation of, a work on ASD with the tentative title  Interoception hereinafter referred to as "the Work").

2.      Grant of Rights. Author hereby grants and assigns the Work to Publisher with the sole and exclusive right to:

> (a)Publish or otherwise produce and sell the Work in all forms and all languages throughout the world, together with all revisions and editions thereof,
> (b) Reproduce all or portions of the Work, or make sound recordings or mechanical renditions, motion pictures, educational and commercial television versions, Braille and large-type editions, microfilm or microfiche editions, book club, editions, paperback editions, translations, serialization, or foreign editions either in English or foreign languages; and
> (c)Produce, sell, or license to others any of the rights in (a) and (b) above and including, without limitation, the rights to reproduce the Work in any form by any mechanical, electronic, or other means now known or hereafter invented.

3.      Copyright Assignment. Author agrees to assign their copyright, including any renewals or extensions of the copyright, in the Work to Publisher. Author authorizes Publisher to take out and procure the copyright for the Work in the name of Author in the United States and other countries as Publisher deems proper.

4.      Use of Author's Name. Publisher may use Author's name and likeness in advertising and promoting the Work.

5.  Revisions. Author will revise the Work within a reasonable time, in accordance with Publisher's recommendations, when Publisher determines that revision is desirable. If Author does not provide an acceptable revision within a reasonable time, or should Author die, become disabled, or be unwilling, Publisher may have the revision prepared and may deduct the authorship cost thereof from Author's royalties. The provisions of this agreement will apply to each revision of the Work upon which Author has performed the requested services as though each such revision was the Work being published for the first time under this agreement.

6.  Additional Alterations. Author will pay or permit to be charged against royalties the amount of expense incurred by Publisher because of changes or additions (other than corrections of video reproduction specialists' and errors by Publisher) made by Author that are in excess of twenty percent (20%) of the original cost of composition including typesetting of legends and labeling of illustrations. Publisher shall give Author notice of the excess charges within thirty (30) days after Publisher becomes aware of the additional cost.

7.  Warranty of Originality and Ownership. Author warrants and represents that:

    (a)  Author is the sole Author and proprietor of the Work and has the exclusive right, power, and authority to make the grant of rights set forth herein;
    (b)  Author is not prohibited by contract with another party from delivering the Work to Publisher;
    (c)  The Work contains no matter which is scandalous, libelous, obscene, or an invasion of privacy;
    (d)  To the best of Author's knowledge, the Work will not infringe upon any statutory copyright, common-law literary right, or proprietary night of any third party; and
    (e)  A material breach of any of the preceding warranties and representations which causes Publisher to discontinue sales of the Work will, constitute a termination of this agreement, and, as liquidated damages, Publisher may withhold payment of royalties due to Author after the date of the breach, it being agreed that such sums are reasonable and just.

8.  Permissions. If the Work incorporates any material protected under copyright law, Author will obtain the appropriate reprint permissions and file them with Publisher within a reasonable time specified by Publisher, prior to the publication of the Work. Author will pay necessary costs to obtain such permissions. Publisher may pay such permission costs and will deduct such costs from royalties which Author is to receive from the Work.

9.  Right of First Refusal. Author will not furnish to any other publisher during the term of this agreement any work of competing character on the same subject until Publisher has been offered the same and has within thirty (30) days refused to publish or failed to reach agreement with Author to publish the same.

## PUBLISHER'S OBLIGATIONS

10.    Publication.

   (a)Publisher shall, within one year after Author has delivered a complete
   copy of the Work that is in proper form for use to print, reproduce or
   manufacture, publish the Work at its own expense and in such style and
   manner and at such price and under such titles as it deems suitable. No
   changes to the Work shall be made without the consent of Author. The
   Publisher shall not be responsible for delays caused by circumstance
   beyond its control.
   (b)From time to time during the term of this agreement, Publisher will print,
   produce, and publish the Work and the revisions thereof as long as there is
   a reasonable demand for the Work. Publisher promises to use its best
   efforts to keep the market supplied and make the Work and its revisions
   known by advertising.

11.    Copyright. Publisher shall apply for copyright in the name of Author, or in its
   own name, and for renewals and extensions of such copyright in the United States
   and in such other countries as it deems feasible. In the event copyright is effected
   in the name of Publisher, it agrees to assign it upon request of Author when it is
   necessary for bringing, defending, or maintaining a copyright action. For
   copyright purposes the relationship between Author and Publisher under this
   agreement is construed as an Independent Contractor relationship.

12.    Royalties. Publisher will pay to Author in totality a royalty ten percent (10%)
   based upon the net receipts (see 15a) Publisher receives from each copy sold of all
   editions and revisions of the Work in the normal course of business; including all
   editions, revisions, forms and formats less returns that Publisher accepts.

13.    Payment of Royalties. An accounting of the sale of the Work will be made at
   least quarterly, starting three (3) months from the date of the publication of
   the Work, and royalties will be paid within ninety (90) days of the accounting.
   Publisher will also give author a statement at such times of the amount of the
   Work sold, the price of the Work, and the royalties due to Author.

14.    Author's Right to Examine. Publisher authorizes Author, on written request, to
   examine, by public accountants, the books of account of Publisher in so far as
   they relate to the Work. The cost shall be borne by Author unless errors of
   accounting amounting to five percent (5%) or more of the total sums paid to
   Author will be found to Author's disadvantage, in which case the cost shall be
   paid by Publisher.

15.    Pre-publication and Publication Costs.
   (a)Publisher is responsible for paying pre-publication costs necessary to

develop and prepare the Work.

(b)Publisher is responsible for paying all of the expenses of printing, producing, manufacturing, and publishing the Work and its revisions.

16. <u>Advertising and Market Supply.</u> Publisher shall advertise the Work by diligently employing usual and legitimate advertising methods. Publisher shall at all times keep the market fully supplied with inventory.

17. <u>Editing.</u> Publisher or any copyeditor Publisher selects may copyedit the Work for the original edition or any revision or edition thereof. All copyediting changes will be mutually agreed upon by Author and Publisher. Author will approve in writing the copyedited Work prior to publication by Publisher.

18. <u>Author's Copies.</u> Publisher will deliver to Author five (5) free copies of the Work upon publication, and furnish any additional number of copies for their personal use at the lowest trade price.

19. <u>Author's First Option to Write or Prepare Following Works.</u> Publisher will not furnish to any other writers any work of continuing character on the same subject until Author has been offered the same and has within thirty (30) days failed to respond or agree to undertake that work. If Author fails to write and Publisher selects others to undertake the following work, Author will not be entitled to any proceeds from the sales of such work.

20. <u>Author's Right to Proceeds of Sale Of Copyright</u>. In the event that Publisher sells the copyright in the Work with Author's permission, Author is entitled to12% of the proceeds derived from such sale.

21. <u>Termination and Restoration of Rights to Author</u>. If Publisher at any time during the existence of this agreement:

(a)fails to comply with or fulfill any of the terms or conditions hereof,

(b)becomes insolvent or files a petition in bankruptcy or reorganization,

(c)determines not to continue publication of the Work for a term of six (6) months or more, or

(d)the Work is at any time out of print, except as a result of emergency conditions beyond Publisher's control, and Publisher shall not within six (6) months thereof bring out a new printing of the Work; Publisher shall give notice to Author within thirty (30) days after the occurrence of any of the above events, in which case Author may at her option terminate this agreement by written notice of termination by mail as designated herein and thereupon all rights granted by Author to Publisher shall revert to her. In such

event all payments made to Author shall remain their property. Upon termination of this agreement, Publisher shall return to Author all property originally furnished by Author, including the Work, any or all plates or other reproductive materials, any remaining copies of the Work, all revisions, editions and versions thereof authorized by

4

Paragraph 2 herein to Author, all copyrights acquired hereunder, and any other materials associated with this agreement, within 30 days of such termination notice.

## MISCELLANEOUS PROVISIONS

22.  Future Services. Publisher may engage Author in future services relating to the Work if Author so agrees. Author is not obligated to perform services other than those explicitly stated in this agreement. If Author agrees to perform future services, compensation for any such future service will be decided on a case-by case basis.

23.  Heirs And Assignment. This agreement, including the right to payment of royalties, will be binding upon and inure to the benefit of Author's heirs, executors, and administrators and Publisher's successors and assigns. The right to receive payment hereunder may be assigned by Author, but Author's other obligations are personal and nonassignable. No assignment, voluntary or by operation of law, shall be binding upon either party without written consent of the other party, which shall not be unreasonably withheld, provided that Author may assign or transfer any monies due or to become due to them.

24.  No Waiver. No waiver or modification of any provision of this agreement will be effective unless it is in writing and signed by the parties to this agreement. It shall not be construed as waiving any term or condition in this agreement if either party fails to insist upon the performance of such term and condition or waives a breach of such term and condition. Instead, such term or condition shall continue to remain in full force and effect as if no forbearance or waiver had occurred.

25.  Applicable Laws. This agreement will be interpreted according to the laws of the State of Kansas, regardless of the place of its physical execution.

26.  Completely Integrated Agreement. This agreement constitutes the entire agreement between the parties. Any prior understanding or representation of any kind preceding the date of this agreement shall not be binding upon either party except to the extent incorporated in this agreement.

27.  Severability. If any of the provisions of this agreement are declared invalid by binding authorities, such invalidity shall not invalidate the entire agreement. The whole agreement shall be construed as if not containing the particular provision or provisions held to be invalid, and the rights and obligations of each party shall be construed and enforced accordingly.

28.  Notice. Any notice, request, or demand required or permitted to be given hereunder by either Author or Publisher will be deemed duly given when mailed by regular mail, postage prepaid, addressed to the other at the following addresses or at such other addresses as either Author or Publisher may hereafter designate to the other for such purpose:

Publisher:     AAPC
               PO Box 23173
               Shawnee Mission, KS 66283-0173

Author:        Kelly J. Mahler
               144 Azalea Drive
               Hershey, PA 17033

29.     <u>Paragaph Headings</u>. The titles to the paragraphs of this agreement are solely for
        the convenience of the parties and shall not be used to aid in the interpretation of
        the provisions of the agreement.


        IN WITNESS WHEREOF, the parties sign this agreement on this ___25th___ day
of ___September___, 2015


_____                    �as
Kelly J. Mahler                                     SS#


_____
Autism Asperger Publishing Company
Keith B. Myles, President

6