# EXHIBIT E

December 16, 2019

**VIA ELECTRONIC MAIL**
Johnson Law KC LLC
Att: Stephen M. Johnson
steve@johnsonlawkc.com

*Re: AAPC Authors Kari Buron and Kelly Mahler*

Dear Mr. Johnson,

Thank you for your letter dated December 10, 2019.

You state in your letter that your clients, Ms. Kari Buron and Ms. Kelly Mahler, each have several breach of contract claims against AAPC. A response to your allegations follows. Note that because three of the claims are duplicative among your client, we are responding to them in summary form.

Mr. Johnson, as you know, business issues arise and parties sometimes develop a perception of what they want in a business relationship. However, business relationships are defined by contracts and the expectations set, risks apportioned, property conveyed, and standards set in those contracts. We requested you provide a statement of your clients' claims and demands but you have only reiterated previous conclusory statements and have not referenced any facts or information that provide a basis for termination. It is evident that your clients *wish* to terminate their contracts; it is also evident that they have no *right* to do so. Furthermore, Ms. Buron and Ms. Mahler's co-authors also do not have any right to terminate their contracts with AAPC, and we will be communicating this to them since it appears Ms. Buron and Ms. Mahler have put the cart before the horse, so to speak.

While AAPC does not admit to any of the allegations in your letter, we suggest you consider, first, that AAPC choosing to not respond to baseless communications that lack merit does not constitute a breach of contract. Second, neither a delay in receipt of a product, nor bad customer service, constitute a breach of contract. Third, AAPC is only required to register copyrights as *it* deems feasible, a determination within the purview of AAPC, and as such, not a basis for a claim of breach of contract. Furthermore, as you are no doubt aware, no harm resulted to either Ms. Buron or Ms. Mahler from any lack of registration – a crucial element for a claim of breach of contract that simply does not exist here. Finally, with respect to Ms. Buron's claim of accounting discrepancies, any such discrepancies, were promptly corrected by AAPC, as you acknowledge. There are therefore no grounds, for either Ms. Buron or Ms. Mahler, to claim a breach of contract by our client.

Accordingly, AAPC will not be paying attorneys' fees, and will not return to Ms. Buron or Ms. Mahler materials to which they do not have a right pursuant to their contracts. AAPC will provide an updated accounting and Q3 2019 royalties in the time and manner in which they are required to do so by each authors' contracts.

You may find it helpful to know that most of the issues both Ms. Buron and Ms. Mahler complain of, which again, AAPC does *not* admit to, and again, are *not* grounds for claims of breaches of contract, if they did occur, likely originated in acts or omissions of AAPC's former owner, Brenda Smith Myles, whose employment with AAPC has been terminated.  Be advised that any claims filed against our client may result in AAPC joining Ms. Smith Myles to the suit. My understanding is that Ms. Smith Myles is a

close friend of your clients. Loyalty to friends is an admirable quality but it can sometimes cloud objectivity, and it would be a folly for your clients to expose themselves to legal liability out of a misplaced sense of friendship.

We do not wish to focus on your client's exposure because we would like to stay on the "carrot" side of this business discussion and avoid the "sticks". But we must inform you that if your clients refuse to cooperate in the continued performance of their contracts, or interfere with AAPC's contracts with other authors, AAPC will pursue breach of contract claims and tortious interference claims against your clients. AAPC is also prepared to pursue your clients should they publish any derivative works, publish AAPC material with other publishers, or self-publish AAPC material. We note that as of the date of this letter, Ms. Mahler has self-published "Interoception Curriculum", a book to which AAPC owns all publication rights, and Ms. Buron has failed to deliver the contracted-for book known as "Learners 3rd Edition". Furthermore, given the speciousness of your clients claims, their activities verge on harassment, and as such, any fair settlement should hold Ms. Mahler and Ms. Buron liable for AAPC's attorneys' fees.

Mr. Johnson, we want to reiterate that our client is willing to work out a business resolution with your clients. We encourage you to have a frank discussion with your clients about the lack of merit to their claims and the risks they face from claims that have accrued against them in AAPC's favor. AAPC is willing to consider waiving and releasing its claims as part of any agreement that resolves this dispute; given the generosity of this sentiment, we strongly suggest you advise your clients to carefully consider their next steps. As AAPC recognizes the fundamental role each author plays in its business, and deeply values their contributions, we would like to extend an invitation to Ms. Buron and Ms. Mahler to sit down and discuss with us how AAPC can address their concerns going forward.

We look forward to your prompt response to this letter, which is sent without waiver of or prejudice to our client's rights and remedies, all of which are hereby expressly reserved.

Kind regards,

| | |
|---|---|
| /s/Arthur Chaykin, Esq. | /s/Andrea R. Kalish, Esq. |
| Arthur Chaykin, Esq. | Andrea R. Kalish, Esq. |
| | |
| **Kennyhertz Perry Attorneys at Law** | **The Law Offices of Andrea R. Kalish, Esq.** |
| 816-527-9395 | 917-361-3017 |
| arthur@kennyhertzperry.com | andreakalish@gmail.com |