IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLY J. MAHLER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:21-CV-00604 |
| | : | |
| -against- | : | |
| | : | **JURY TRIAL DEMANDED** |
| AAPC, INC. d/b/a AAPC PUBLISHING, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| AAPC, INC., | : | |
| | : | |
| Counterclaimant, | : | |
| | : | |
| -against- | : | |
| | : | |
| KELLY J. MAHLER, | : | |
| | : | |
| Counter-Defendant. | : | |

**PLAINTIFF/COUNTER-DEFENDANT'S ANSWER WITH AFFIRMATIVE DEFENSES TO DEFENDANT/COUNTERCLAIMANT'S COUNTERCLAIMS**

Plaintiff/Counter-Defendant, Kelly J. Mahler, OTD, OTR/L ("Plaintiff/Counter-Defendant" or "Dr. Mahler"), by and through her undersigned counsel, hereby submits her Answer with Affirmative Defenses to Defendant/Counterclaimant's Counterclaims, filed by Defendant/Counterclaimant AAPC, Inc., d/b/a AAPC Publishing ("Defendant/Counterclaimant" or "AAPC"), and in support thereof states as follows:

**PARTIES**

82. Admitted.

83. Admitted.

## JURISDICTION AND VENUE

84. Admitted.

85. Admitted in part; denied in part. It is admitted that the Court has subject matter jurisdiction. The remaining allegations in paragraph 85 are denied. By way of further response, the remaining allegations of paragraph 85 state a conclusion of law to which no response is required.

86. Admitted.

87. Admitted.

88. Admitted.

## STATEMENT OF FACTS

89. Denied as Dr. Mahler is without sufficient knowledge or information to form a belief as to the truth of those allegations.

90. Admitted.

91. Admitted.

92. Admitted.

93. Admitted.

94. Admitted.

95. Denied.

96. Admitted in part; denied in part. It is admitted that Dr. Mahler had the right to terminate the Write and Publish Agreements. The remaining allegations in paragraph 96 are denied.

97. Denied.

98. Denied.

99. Admitted in part; denied in part. It is admitted that Dr. Mahler raised a complaint about the status of stock on Amazon on or about September 27, 2018 and that AAPC responded with statements about Amazon's algorithms for ordering stock of books. The remaining allegations in paragraph 99 are denied as Dr. Mahler is without sufficient knowledge or information to form a belief as to the truth of those allegations.

100. Admitted in part; denied in part. It is admitted that Dr. Mahler sent Interoception Curriculum Chapter 1 and Lesson 1 to the incorrect email address of Kimberli Hansen, who was no longer employed by AAPC, on September 30, 2018. The remaining allegations in paragraph 100 are denied.

101. Admitted in part; denied in part. It is admitted that Dr. Mahler sent an email to AAPC on October 4, 2018 requesting the release of the rights to her Interoception Works and that AAPC did not agree to do so. The remaining allegations in paragraph 101 are denied.

102. Admitted in part; denied in part. It is admitted that Dr. Mahler sent edits for graphics to the incorrect email address of Kimberli Hansen, who was no longer employed by AAPC, on October 9, 2018. The remaining allegations in paragraph 102 are denied.

103. Admitted in part; denied in part. It is admitted that Dr. Mahler sent an email to AAPC on November 19, 2018 expressing concerns regarding her Interoception Works being backordered. The remaining allegations in paragraph 103 are denied.

104. Admitted except as to the mischaracterization of AAPC's breaches as "alleged," which is denied.

105. Admitted in part; denied in part. It is admitted that AAPC responded to the November 2018 Mahler Letter. The remaining allegations in paragraph 105 are denied.

106. Admitted except as to the mischaracterization of AAPC's breaches as "alleged," which is denied.

107. Admitted in part; denied in part. It is admitted that AAPC responded to Dr. Mahler's December 3, 2018 correspondence sent through counsel. The remaining allegations in paragraph 107 are denied.

108. Admitted in part; denied in part. It is admitted that Dr. Mahler, through counsel, communicated with AAPC on December 14, 2018. The mischaracterization of AAPC's breaches as "alleged" as well as the contention "a third time" are denied.

109. Admitted in part; denied in part. It is admitted that AAPC responded to Dr. Mahler's communication. The remaining allegations in paragraph 109 are denied.

110. Admitted in part; denied in part. It is admitted that Dr. Mahler's Notice of Default and Termination dated January 19, 2019 is attached to the Amended Complaint as Exhibit D. The remaining allegations are denied.

111. Admitted in part; denied in part. It is admitted that Dr. Mahler, through counsel, sent an email on December 17, 2018 to AAPC. The remaining allegations in paragraph 111 are denied because they attempt to summarize, characterize, or refer to the email which is a writing that speaks for itself.

112. Denied. As to the allegations regarding Amazon.com, Dr. Mahler is without sufficient knowledge or information to form a belief as to their truth and therefore denies them on that basis.

113. Admitted in part; denied in part. It is admitted that the U.S. Copyright Office issued U.S. Copyright Registration No. TX 8-952-549 (effective date of registration: April

13, 2021), which is attached to the Amended Complaint as Exhibit I. The remaining allegations in paragraph 113 are denied.

114. Admitted in part; denied in part. It is admitted that the U.S. Copyright Office issued U.S. Copyright Registration No. TX 8-955-546 (effective date of registration: April 14, 2021), which is attached to the Amended Complaint as Exhibit J. The remaining allegations in paragraph 114 are denied.

115. Denied.

116. Denied.

117. Denied.

## COUNT I

118. To the extent a response is required, Dr. Mahler denies the allegations in paragraph 118.

119. Denied.

120. Admitted.

121. Admitted.

122. AAPC has failed to adequately support its request for relief in paragraph 122 and Dr. Mahler therefore denies the same.

## COUNT II

123. To the extent a response is required, Dr. Mahler denies the allegations in paragraph 123.

124. Denied.

125. Denied.

126. Admitted

127. AAPC has failed to adequately support its request for relief in paragraph 127 and Dr. Mahler therefore denies the same.

## COUNT III

128. To the extent a response is required, Dr. Mahler denies the allegations in paragraph 128.

129. Admitted in part; denied in part. Dr. Mahler admits that AAPC continues to offer to sell and sell the Interoception Works. Dr. Mahler denies the remaining allegations contained in paragraph 129 of the Counterclaims.

130. Denied.

131. AAPC has failed to adequately support its request for relief in paragraph 131 and Dr. Mahler therefore denies the same.

## COUNT IV

132. To the extent a response is required, Dr. Mahler denies the allegations in paragraph 132.

133. Admitted in part; denied in part. It is admitted that the Interoception Works are Dr. Mahler's original works of authorship. The remaining allegations in paragraph 133 are denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

## COUNT V

138. To the extent a response is required, Dr. Mahler denies the allegations in paragraph 138.

139. Admitted in part; denied in part. It is admitted that the Interoception Works are Dr. Mahler's original works of authorship. The remining allegations in paragraph 139 are denied.

140. Denied.

141. Denied.

142. Denied.

143. AAPC has failed to adequately support its request for relief in paragraph 143 and Dr. Mahler therefore denies the same.

## PRAYER FOR RELIEF

144. It is denied that AAPC is entitled to any of the relief it requests in paragraph 144. By way of further response, Dr. Mahler respectfully requests the entry of an order dismissing AAPC's claims and granting Dr. Mahler such other relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

145. Dr. Mahler asserts the following affirmative defenses and reserves the right to assert any additional defenses or claims available, at law or in equity, that may now or in the future be available upon information learned or obtained in the course of this case's development. Dr. Mahler does not, by asserting these defenses or otherwise, assume the burden of proof with respect to those matters as to which AAPC bears the burden of proof.

### FAILURE TO STATE A CLAIM

146. AAPC's Counterclaims fail to state a claim upon which relief may be granted.

### NO DAMAGES

147. AAPC's requested relief is barred by the absence of cognizable damages.

### BREACH OF DUTIES

148. AAPC's requested relief is barred, in whole or in part, because AAPC breached its duty of good faith and fair dealing, breached the agreements at issue, and/or otherwise failed to perform its obligations under the agreements at issue with no legitimate reason for such failures.

### UNCLEAN HANDS

149. AAPC's Counterclaims are barred by the doctrine of unclean hands.

### ESTOPPEL

150. AAPC's Counterclaims are barred by the doctrine of estoppel.

### INTERVENING CAUSE, MITIGATING CIRCUMSTANCES

151. The presence of intervening and/or mitigating circumstances, including, without limitation, the acts and omissions of AAPC, and its acts and omissions of third persons over whom Dr. Mahler had neither control nor responsibility, eliminate Dr. Mahler's liability for any damages AAPC alleges.

### ATTORNEYS' FEES

152. AAPC has failed to provide any basis in law or fact for its claim for attorneys' fees.

### SET OFF

153. AAPC's claims are subject to apportionment, recoupment, and/or set-off in accordance with the above responses to AAPC's Counterclaims.

### ANY DAMAGE CAUSED BY DEFENDANT/COUNTERCLAIMANT'S BREACH

154. Any damages resulting to AAPC are a result of AAPC's own breaches of contractual agreements between the parties.

### ACTIONS PERMITTED BY CONTRACT

155. The actions which AAPC alleges as a basis for damage were either required or permitted by the Write and Publish Agreements between the parties.

### PRAYER FOR RELIEF

WHEREFORE, Dr. Mahler prays for judgment from this Court against AAPC as follows:

A. Enter judgment dismissing the Counterclaims with prejudice;

B. Enter judgment according to the declaratory relief sought by Dr. Mahler, including without limitation the cancellation of AAPC's invalid copyright registrations;

C. Award Dr. Mahler appropriate monetary damages and injunctive relief.

D. Award Dr. Mahler her attorneys' fees, costs, and disbursements incurred in connection with this action; and

E. Grant all other relief that this Court deems just or equitable.

Respectfully submitted,

**MONTGOMERY MCCRACKEN WALKER & RHOADS LLP**

Dated: July 6, 2021

/s/ Alfred W. Zaher
Alfred W. Zaher (*pro hac vice*)
Dylan F. Henry (315943)
1735 Market St., 19th Floor
Philadelphia, PA 19103
T: 215-772-1500 / F: 215-772-7620
azaher@mmwr.com

*Counsel for Plaintiff,
Dr. Kelly J. Mahler*

## **CERTIFICATE OF SERVICE**

I certify that on July 6, 2021, I served a true and correct copy of the foregoing PLAINTIFF/COUNTER-DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT/COUNTERCLAIMANT'S COUNTERCLAIMS via electronic filing with the Court's ECF system for notice to all counsel of record.

s/ Alfred W. Zaher